FILED

COPY

1  MELANIE C. ROSS, ESQ. (SBN 151009)
   ROSS & SILVERMAN LLP
2  10100 Santa Monica Blvd. — Suite 300
   Los Angeles, CA 90067
3  Telephone: (310) 551-0909
   Facsimile: (310) 551-2049
4  Email: mr@rossandsilverman.com

2014 MAR 26  PM 4: 09

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

5  Attorneys for Defendant
   WELLPOINT, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10              CV14-2322 JAK JEMx

11  JOSHUA T. LARSON,                    CASE NO. _____

12             Plaintiff,
                                         VENTURA COUNTY CASE NO.:
13        vs.                            56-2014-00448332-CU-WT-VTA

14  WELLPOINT, INC., an Indiana corporation,   **NOTICE OF REMOVAL OF ACTION**
    and DOES 1 through 50, inclusive,    **UNDER 28 USC § 1441 (b)**
15                                       **(DIVERSITY)**
               Defendant.
16

17

18

19

20

21  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22        PLEASE TAKE NOTICE that Defendant WELLPOINT, INC. ("Defendant") hereby

23  removes to this Court the Superior Court action, County of Ventura, described below and sets

24  forth in support of its Notice of Removal the following:

25        1.    On February 4, 2014, an action was commenced in the Superior Court of the State

26  of California in and for the County of Ventura entitled *Joshua T. Larson v. WellPoint, Inc., et al.,*

27

28

removal of action

NOTICE OF REMOVAL OF ACTION

1   as Case Number 56-2014-00448332-CU-WT-VTA.  A true and correct copy of the Complaint

2   and Summons are attached hereto as Exhibit A.

3        2.    The first date upon which Defendant received a copy of the Complaint was on

4   February 28, 2014, when Defendant's registered agent, CT Corporation System, was personally

5   served with a copy of the Complaint and Summons.  A copy of the summons is attached hereto as

6   Exhibit B.

7        3.    This is a civil action over which this Court has original jurisdiction under 28

8   U.S.C. §1332, and is one which may be removed to this Court by Defendant pursuant to the

9   provisions of 28 U.S.C. §1441(b) because it is a civil action between citizens of different states

10   and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11        4.    Complete diversity of citizenship exists because Plaintiff Joshua T. Larson is a

12   citizen of the State of California and Defendant WellPoint, Inc. is and was a corporation

13   incorporated under the laws of the State of Indiana, having its principal place of business in the

14   State of Indiana, and is the only Defendant.  Plaintiff's Complaint alleges Defendant is and was

15   an Indiana corporation and Plaintiff resides in California (Complaint, ¶¶1, 8.)

16        5.    The matter in controversy exceeds $75,000.00 because this is a wrongful

17   termination and disability discrimination lawsuit and Plaintiff seeks compensatory and punitive

18   damages.  Plaintiff seeks lost wages plus benefits from the termination of his employment into the

19   future and emotional distress damages for alleged "severe" emotional distress he suffered as well

20   as punitive damages against Defendant.

21        6.    There are no other Defendants named (or served) in this action.

22        7.    This Notice of Removal is being filed within thirty (30) days of service on the

23   Defendant.  Thus, this Notice of Removal is timely filed under 28 U.S.C. §1446(b).

removal of action         -2-

**NOTICE OF REMOVAL OF ACTION**

8.    Removal to this Court is proper as the Superior Court of the State of California, County of Ventura, where this Complaint was originally filed, is located within this District.

9.    Counsel for Defendant will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California County of Ventura, and give notice of same to counsel for Plaintiff.

DATED: March 14, 2014

ROSS & SILVERMAN LLP

By _____

MELANIE C. ROSS
Attorneys for Defendant
WELLPOINT, INC.

**EXHIBIT  A**

VENTURA
SUPERIOR COURT
FILED

FEB 04 2014

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy
     **Ina Muckey**

1    JAY S. ROTHMAN & ASSOCIATES
     JAY S. ROTHMAN, ESQ. (SBN 49739)
2    21900 Burbank Blvd., Suite 210
     Woodland Hills, California 91367
3    Tel. (818) 986-7870
     Fax (818) 990-3019

4

5    Attorney for Plaintiff
     JOSHUA T. LARSON

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                 **FOR THE COUNTY OF VENTURA**

9

10                                              56-2014-00448332-CU-WT-VTA

| | |
|---|---|
| JOSHUA T. LARSON, | CASE NO. |
|      Plaintiff, | 1.    DISABILITY DISCRIMINATION; |
|      vs. | 2.    WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; |
| WELLPOINT, INC., an Indiana corporation, and DOES 1 through 50, inclusive, | 3.    RETALIATION (*Government Code* §12940, *et seq.*); |
|      Defendants. | 4.    FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION and RETALIATION (*Government Code* §12940, *et seq.*); and |
| | 5.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| | [DEMAND FOR JURY TRIAL] |

       Plaintiff, JOSHUA T. LARSON, complains of Defendants, and each of them, and for causes of action alleges as follows:

                                         **STATEMENT OF FACTS**

       1.      Plaintiff JOSHUA T. LARSON, an individual (hereinafter "Plaintiff"), was employed by Defendant WELLPOINT, INC. ("Wellpoint"), an Indiana corporation, engaged in the healthcare industry.

       2.      Plaintiff's employment with Wellpoint began in or about January 16, 2010. During

1   the period of his employment, Plaintiff received pay raises and promotions with his last position

2   being Consultant, Network Relations.  Plaintiff continued in such position until constructively

3   terminated on or about October 2013 .  Plaintiff's supervisor prior to his termination was Neil

4   Goldberg.

5        3.      During the period of Plaintiff's employment with Wellpoint, he was diagnosed with

6   and suffered from panic attacks.  Wellpoint was aware of Plaintiff's medical condition.

### GENERAL ALLEGATIONS

8        4.      This is a complaint by an individual for damages arising out of the outrageous,

9   oppressive and intrusive conduct of all Defendants.  Plaintiff seeks compensatory and punitive

10   damages.

11        5.      The true names and capacities of the defendants sued herein as DOES 1 through 50,

12   inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.

13   Plaintiff will ask leave of the Court to amend this Complaint to show their true names and

14   capacities when same have been ascertained.

15        6.      Plaintiff is informed and believes, and thereon alleges, that each of the Defendants

16   designated herein as a DOE is legally responsible in some manner for the events and happenings

17   herein referred to, and negligently, wantonly, recklessly, tortiously and/or unlawfully proximately

18   caused the injuries and damages thereby to Plaintiff as herein alleged.

19        7.      At all times herein mentioned, Defendant Wellpoint existed under the laws of the

20   State of California, and at all times herein mentioned were authorized to do business in California.

21        8.      At all times herein mentioned, Plaintiff was an individual who resided in the County

22   of Ventura, State of California, and an employee of Defendant Wellpoint.

23

24                          **FIRST CAUSE OF ACTION**

25                          **DISABILITY DISCRIMINATION**

26                   **(Against all Defendants and DOES 1 through 50, Inclusive)**

27        9.      Plaintiff incorporates by reference the allegations made in paragraphs 1 through 8,

28   inclusive, as though fully set forth herein.

10. During the period of Plaintiff's employment with Wellpoint, Plaintiff suffered panic attacks.

11. At all times relevant herein, Wellpoint, and Does 1 through 50, inclusive, were "employers" of Plaintiff within the coverage of the California Fair Employment and Housing Act ("CFEHA"), California Government Code § 12900, et seq.

12. At all times relevant herein, Wellpoint, and Does 1 through 50, inclusive, were under a duty, as "employers" within the scope and coverage of the CFEHA to refrain from discriminating against Plaintiff in the terms and conditions of his employment on the basis of his medical condition or the perception that Plaintiff was disabled.

13. Commencing in or about 2012, and continuing without interruption until Plaintiff's termination on October 2013, in breach of the foregoing duties, Wellpoint, and Does 1 through 50, inclusive, subjected Plaintiff to disability harassment and/or discrimination which created an intimidating, hostile, and/or offensive work environment for Plaintiff, and which unreasonably interfered with Plaintiff's work performance. Such unwelcome disability harassment and/or discrimination included, but was not limited to: (a) pictures of pills being taped to the back of Plaintiff's work chair; (b) Plaintiff's supervisor Neil Goldberg ("Goldberg") telling others in a team meeting that Plaintiff soiled his underwear after eating several fiber bars; (c) Goldberg asking Plaintiff if he gave Plaintiff a review today if Plaintiff would come to work tomorrow; (d) being told that Plaintiff's review was used to clean his supervisor's infant's rear end and to excuse the pudding that was on the review; (e) being told by his supervisor that Plaintiff had psychological issues that could not be addressed formally on his performance review but weighed towards his final score; (f) being told by his supervisor that Plaintiff's review was the hardest to write because he did not want to scare Plaintiff; (g) constantly saying "5150" when Plaintiff was around; (h) asking Plaintiff if they needed to put Plaintiff's dog in doggy protective custody; (i) Plaintiff's supervisor telling Plaintiff that he knew Plaintiff had gone through a bunch of meds and telling Plaintiff that perhaps that made Plaintiff cloudy; (j) telling Plaintiff that the only way the joking was going to stop was for Plaintiff to find a new job; (k) telling Plaintiff what he asked for the mistreatment because he wanted to be the center of attention; (l) saying that the police must be looking for Josh when the police

1    would check for illegal parking in the handicap spaces in the parking lot; and (m) constructively

2    terminating Plaintiff's employment.

3        14.    On or about October 2013, Wellpoint, and Does 1 through 50, inclusive, violated

4    the foregoing duties by terminating Plaintiff because of his medical condition or the perception that

5    Plaintiff was disabled.

6        15.    The foregoing unlawful conduct had a questionable relationship to Plaintiff's

7    employment with Wellpoint, and did not constitute a "normal risk" of such employment.

8        16.    Plaintiff filed charges of discrimination with regard to the foregoing violations of

9    the CFEHA with the California Department of Fair Employment and Housing ("DFEH"). Plaintiff

10    has exhausted his administrative remedies under the CFEHA with regard to said violations, having

11    been issued a "Right to Sue Letter" by the DFEH.

12        17.    Venue lies in the Ventura County Superior Court pursuant to California Government

13    Code § 12965(b), in that the unlawful practices alleged were committed in the County of Ventura,

14    State of California, and Plaintiff would have continued performing his duties and responsibilities

15    in said county but for the unlawful practices alleged.

16        18.    As a direct, proximate and foreseeable result of the unlawful conduct of Wellpoint,

17    and Does 1 through 50, inclusive, as alleged, Plaintiff has suffered and continues to suffer

18    substantial losses in wages and other employment benefits, all to Plaintiff's damage in an amount

19    not yet ascertained. Plaintiff will seek leave to amend this Complaint to insert the amount of such

20    damages when they are ascertained or on proof thereof.

21        19.    As a direct and proximate result of the unlawful conduct of Wellpoint, and Does 1

22    through 50, inclusive, as alleged, Plaintiff has suffered and continues to suffer severe emotional

23    distress, all to Plaintiff's damage in an amount not yet ascertained, in connection with, among other

24    things, his: (a) loss of self-esteem; (b) sense of anger and outrage at being subjected to such

25    unlawful discrimination; (c) feelings of betrayal in connection with the failure of members of

26    management of Wellpoint to take effective action to protect him from discrimination; (d) loss of

27    security in being able to support himself in the future; (e) concern that his termination would result

28    in his inability to maintain health insurance coverage; and (f) humiliation and embarrassment in

1   being forced to seek and potentially accept employment beneath his qualifications, resulting in a

2   substantial set back of his career.

3        20.    The acts taken toward Plaintiff were carried out by managing employees and/or

4   employees in their capacities as managing agents of Wellpoint and/or with the ratification and

5   approval of officers and/or managing agents of Wellpoint, including Does 1 through 50, inclusive,

6   in a malicious, oppressive or fraudulent manner in order to harm Plaintiff, or with the willful and

7   conscious disregard for Plaintiff's rights or the potential of causing him unjust hardship, humiliation

8   or emotional distress.  Such conduct was despicable, and justifies an award of punitive damages

9   against Wellpoint, and Does 1 through 50, inclusive, and each of them, in an amount sufficient to

10   deter them from engaging in such conduct again in the future.

11        21.    Pursuant to California Government Code § 12965(b), Plaintiff is entitled to recover

12   the reasonable attorneys' fees and costs he incurs in connection with this action.

13

14   **SECOND CAUSE OF ACTION**

15   **WRONGFUL TERMINATION**

16   **IN VIOLATION OF PUBLIC POLICY**

17   **(Against all Defendants and DOES 1 through 50, Inclusive)**

18        22.    Plaintiff incorporates by reference the allegations made in paragraphs 1 through 20,

19   inclusive, as though set forth in full.

20        23.    Plaintiff's employment with Wellpoint began in or about January 16, 2010. Plaintiff

21   continued in such position until terminated on or about October 2013.

22        24.    In breach of the fundamental, substantial, and firmly established public policy of the

23   State of California against discrimination in employment on the basis of disability and/or the

24   perception of disability, as reflected in the Fair Employment and Housing Act, on October 2013,

25   Wellpoint engaged in disability, and/or the perception of disability discrimination by terminating

26   Plaintiff's employment.

27        25.    The foregoing unlawful conduct had a questionable relationship to Plaintiff's

28   employment with Wellpoint, and did not constitute a "normal risk" of such employment.

26.     As a direct, proximate and foreseeable result of the unlawful conduct of Wellpoint, as alleged, Plaintiff has suffered and continues to suffer substantial losses in wages and other employment benefits, all to Plaintiff's damage in an amount not yet ascertained.  Plaintiff will seek leave to amend this Complaint to insert the amount of such damages when they are ascertained or on proof thereof.

27.     As a direct and proximate result of the unlawful conduct of Wellpoint, as alleged, Plaintiff has suffered and continues to suffer severe emotional distress, all to Plaintiff's damage in an amount not yet ascertained, in connection with, among other things, his: (a) loss of self-esteem; (b) sense of anger and outrage at being subjected to such unlawful discrimination and/or retaliation; (c) feelings of betrayal in connection with the failure of members of management of Wellpoint to take effective action to protect him from discrimination and/or retaliation; (d) loss of security in being able to support himself in the future; (e) concern that his termination would result in his inability to maintain health insurance coverage; and (f) humiliation and embarrassment in being forced to seek and potentially accept employment beneath his qualifications, resulting in a substantial set back of his career.

28.     The acts taken toward Plaintiff were carried out by managing agents of Wellpoint and/or with the ratification and approval of officers and/or managing agents of Wellpoint, in a malicious, oppressive or fraudulent manner in order to harm Plaintiff, or with the willful and conscious disregard for Plaintiff's rights or the potential of causing him unjust hardship, humiliation or emotional distress.  Such conduct was despicable, and justifies an award of punitive damages against Wellpoint, in an amount sufficient to deter it from engaging in such conduct again in the future.

## THIRD CAUSE OF ACTION

### RETALIATION

**(*Government Code* §12940, et seq.)**

**(Against Defendants and DOES 1 through 50, Inclusive)**

29.     Plaintiff incorporates by reference the allegations made in paragraphs 1 through 28,

1   inclusive, as though fully set forth herein.

2        30.    At all times relevant herein, Wellpoint, and Does 1 through 50, inclusive, were

3   "employers" of Plaintiff within the coverage of the California Fair Employment and Housing Act

4   ("CFEHA"), California Government Code § 12900, et seq., and as such, were barred from

5   retaliating in employment decisions.

6        31.    During his employment, Plaintiff was a protected person because of his disability,

7   and/or the perception of disability and because he complained of discrimination.

8        32.    When Plaintiff was a protected person, Defendants, and each of them, engaged in

9   acts of retaliation including termination as alleged in this Complaint.

10        33.    As a direct, proximate and foreseeable result of the unlawful conduct of Wellpoint,

11   as alleged, Plaintiff has suffered and continues to suffer substantial losses in wages and other

12   employment benefits, all to Plaintiff's damage in an amount not yet ascertained. Plaintiff will seek

13   leave to amend this Complaint to insert the amount of such damages when they are ascertained or

14   on proof thereof.

15        34.    As a direct and proximate result of the unlawful conduct of Wellpoint, and Does 1

16   through 50, inclusive, as alleged, Plaintiff has suffered and continues to suffer severe emotional

17   distress, all to Plaintiff's damage in an amount not yet ascertained, in connection with, among other

18   things, his: (a) loss of self-esteem; (b) sense of anger and outrage at being subjected to such

19   unlawful discrimination; (c) feelings of betrayal in connection with the failure of members of

20   management of Wellpoint to take effective action to protect him from discrimination; (d) loss of

21   security in being able to support himself in the future; (e) concern that his termination would result

22   in his inability to maintain health insurance coverage; and (f) humiliation and embarrassment in

23   being forced to seek and potentially accept employment beneath his qualifications, resulting in a

24   substantial set back of his career.

25        35.    As a direct and proximate result of the aforementioned wrongful conduct of

26   Defendants, and each of them, Plaintiff incurred medical expenses, the exact nature and extent of

27   which are unknown to Plaintiff at this time and plaintiff will ask leave of court to amend this

28   Complaint in this regard when the same have been ascertained.

36. As a direct and proximate result of the aforementioned wrongful conduct of Defendants, and each of them, Plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

37. The acts taken toward Plaintiff were carried out by managing agents of Wellpoint and/or with the ratification and approval of officers and/or managing agents of Wellpoint, in a malicious, oppressive or fraudulent manner in order to harm Plaintiff, or with the willful and conscious disregard for Plaintiff's rights or the potential of causing him unjust hardship, humiliation or emotional distress. Such conduct was despicable, and justifies an award of punitive damages against Wellpoint, in an amount sufficient to deter it from engaging in such conduct again in the future.

38. Pursuant to California Government Code § 12965(b), Plaintiff is entitled to recover the reasonable attorneys' fees and costs he incurs in connection with this action.

## FOURTH CAUSE OF ACTION
### FAILURE TO TAKE ALL REASONABLE STEPS
### TO PREVENT DISCRIMINATION and RETALIATION
#### (*Government Code* §12940, et seq.)
#### (Against Defendants and DOES 1 through 50, Inclusive)

39. Plaintiff incorporates by reference the allegations made in paragraphs 1 through 38, inclusive, as though fully set forth herein.

40. At all times relevant herein, Wellpoint, and Does 1 through 50, inclusive, were "employers" of Plaintiff within the coverage of the California Fair Employment and Housing Act ("CFEHA"), California Government Code § 12900, et seq., and as such, were barred from retaliating in employment decisions.

41. Government Code §12940 provides that it is an unlawful employment practice for an employer, because of the person's disability or perception of disability to discriminate and retaliate against the employee. An entity shall take all reasonable steps to prevent the discrimination and retaliation from occurring.

COMPLAINT

42.     The aforementioned conduct of Defendants constitute violations of FEHA in that Defendants, and each of them, discriminated and retaliated against Plaintiff. Plaintiff alleges that Defendants' discrimination and retaliation against Plaintiff was an unlawful employment practice in that Defendants, and each of them, failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring in violation of Government Code §12940 of the Fair Employment and Housing Act although after Plaintiff's repeated pleas for assistance from management to stop the harassment and discrimination.

43.     As a direct and proximate result of the unlawful conduct of Wellpoint, and Does 1 through 50, inclusive, as alleged, Plaintiff has suffered and continues to suffer severe emotional distress, all to Plaintiff's damage in an amount not yet ascertained, in connection with, among other things, his: (a) loss of self-esteem; (b) sense of anger and outrage at being subjected to such unlawful discrimination; (c) feelings of betrayal in connection with the failure of members of management of Wellpoint to take effective action to protect him from discrimination; (d) loss of security in being able to support himself in the future; (e) concern that his termination would result in his inability to maintain health insurance coverage; and (f) humiliation and embarrassment in being forced to seek and potentially accept employment beneath his qualifications, resulting in a substantial set back of his career.

44.     As a direct and proximate result of the aforementioned wrongful conduct of Defendants, and each of them, Plaintiff incurred medical expenses, the exact nature and extent of which are unknown to Plaintiff at this time and plaintiff will ask leave of court to amend this Complaint in this regard when the same have been ascertained.

45.     As a direct and proximate result of the aforementioned wrongful conduct of Defendants, and each of them, Plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

46.     The acts taken toward Plaintiff were carried out by managing agents of Wellpoint and/or with the ratification and approval of officers and/or managing agents of Wellpoint, in a malicious, oppressive or fraudulent manner in order to harm Plaintiff, or with the willful and conscious disregard for Plaintiff's rights or the potential of causing him unjust hardship, humiliation

1   or emotional distress. Such conduct was despicable, and justifies an award of punitive damages

2   against Wellpoint, in an amount sufficient to deter it from engaging in such conduct again in the

3   future.

4         47.   Pursuant to California Government Code § 12965(b), Plaintiff is entitled to recover

5   the reasonable attorneys' fees and costs he incurs in connection with this action.

6

7   **FIFTH CAUSE OF ACTION**

8   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

9   **(Against all Defendants and DOES 1 through 50, Inclusive)**

10         48.   Plaintiff incorporates by reference the allegations made in paragraphs 1 through 47,

11   inclusive, as though fully set forth herein.

12         49.   At all times herein alleged, the officers, directors and/or managing agents of

13   Defendants had knowledge of the actions taken against Plaintiff, directed that the actions take place

14   and ratified the actions. When Defendants did the acts described herein, they engaged in extreme

15   and outrageous conduct. They did such acts deliberately, intentionally and recklessly so as to cause

16   Plaintiff severe emotional distress. Defendants' conduct in confirming and ratifying that conduct

17   was done with knowledge that Plaintiff's distress would thereby increase, and was done with

18   wanton and reckless disregard of the consequences to Plaintiff.

19         50.   The above acts of Defendants caused Plaintiff severe emotional distress, anxiety,

20   sleeplessness, and were outrageous and beyond the scope of his employment. As a direct,

21   proximate and foreseeable result of the aforesaid conduct of the Defendants, Plaintiff has suffered

22   damages and injuries set forth below.

23         51.   As a result of the aforesaid acts of Defendants, Plaintiff has become mentally upset,

24   distressed and aggravated. Plaintiff claims general damages for such mental distress and

25   aggravation in an amount of which will be proven at time of trial.

26         52.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has foreseeably

27   suffered and continues to suffer substantial loss of earnings and employment benefits in an amount

28   according to proof at the time of trial. Plaintiff claims such amount as damages together with

10
COMPLAINT

1   prejudgment interest.

2       53.     As a direct and proximate result of the aforementioned wrongful conduct of

3   Defendants, and each of them, Plaintiff will suffer additional loss of earnings, reduced earning

4   capacity in the future, and other incidental and consequential damages in an amount according to

5   proof at the time of trial.

6       54.     As a proximate result of the conduct complained of herein, Plaintiff suffered and

7   continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe

8   shock to his nervous system, and thereby sustained serious injuries to his physical and mental

9   health, strength and activity, causing him extreme physical and emotional pain, all to his general

10  damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior

11  Court of the State of California.

12      55.     As a direct and proximate result of the aforementioned wrongful conduct of

13  Defendants, and each of them, Plaintiff incurred medical expenses, the exact nature and extent of

14  which are unknown to Plaintiff at this time and Plaintiff will ask leave of court to amend this

15  Complaint in this regard when the same have been ascertained.

16      56.     As a direct and proximate result of the aforementioned wrongful conduct of

17  Defendants, and each of them, Plaintiff will be required to incur additional future medical expenses

18  all to his further damage in an amount to be proven at trial.

19      57.     Because the acts taken toward Plaintiff were carried out in a deliberate, cold, callous

20  and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of

21  punitive damages against Defendants, and each of them, in an amount appropriate to punish and

22  make an example of Defendants.

23

24                                    **PRAYER**

25      WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

26      1.      For compensatory damages, as allowed by law, in excess of $50,000 and according

27  to proof at trial;

28      2.      For an award of punitive damages as allowed by law;

1        3.    For lost earnings and related expenses, as allowed by law, in excess of $50,000 and

2    according to proof at trial;

3        4.    For costs of suit, including reasonable attorney's fees;

4        5.    For prejudgment interest on all amounts claimed, as permitted by law; and

5        6.    For such other and further relief as the Court deems just and proper.

6

7    DATED:    January ___, 2014        JAY S. ROTHMAN & ASSOCIATES

8

9                                            JAY S. ROTHMAN

10                                           Attorney for Plaintiff

11

12                           <u>DEMAND FOR JURY TRIAL</u>

13       Plaintiff hereby demands a trial by jury of the foregoing causes of action.

14

15   DATED:    January ___, 2014        JAY S. ROTHMAN & ASSOCIATES

16

17                                             JAY S. ROTHMAN

18                                           Attorney for Plaintiff

19

20

21

22

23

24

25

26

27

28

COMPLAINT

*Larson v Wellpoint*

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 654-2609
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: 56-2014-00448332-CU-WT-VTA

Your case has been assigned for all purposes to the judicial officer indicated below.

A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Henry Walsh | Ventura | 42 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|

| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
|---|---|---|
| 07/09/2014 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

AT THE ABOVE HEARING IS MANDATORY.
Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).
If proof of service and/or request for entry of default have not been filed; At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**

At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 02/05/2014

Clerk of the Court,
By: *Ina Muckey*
Ina Muckey, Clerk

VEN-FNR082

NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jay S. Rothman 49739<br>Jay S. Rothman and Associates<br>21900 Burbank Blvd., Suite 210<br>Woodland Hills, CA, 91367<br>TELEPHONE NO.: (818) 986-7870   FAX NO.: (818) 990-3019<br>ATTORNEY FOR (Name): Plaintiff, Joshua Larson | VENTURA<br>SUPERIOR COURT<br>**FILED**<br>FEB 04 2014<br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BY: ___Ina Muckey___, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Ventura
STREET ADDRESS: 801 South Victoria Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura, CA 93006
BRANCH NAME:

CASE NAME: Larson v Wellpoint, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | 56-2014-00448332-CU-WT-VTA |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 5 (five)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January ___ 2014

Jay S. Rothman, Attorney
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | Martin Dean's<br>ESSENTIAL FORMS™ | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

LARSON, Joshua VENTURA

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice-
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach-Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court
    Case Matter
  Writ-Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Wellpoint, Inc. an Indiana corporation,
and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Joshua Larson,

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

VENTURA
SUPERIOR COURT
**FILED**

FEB 2 0 2014

MICHAEL D. PLANET
Executive Officer and Clerk
BY: C. RIOS, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| CASE NUMBER: *(Número del Caso):* |
| --- |
| 56-2014-00448335-CU-WT-VTA |

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Ventura Superior Court
801 South Victoria Avenue
Ventura, CA 93006

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jay S. Rothman
21900 Burbank Blvd., Suite 210
Woodland Hills, CA 91367

Jay S. Rothman and Associates
(818) 986-7870

DATE: FEB 2 0 2014       Michael D. Planet   Clerk, by   C. RIOS   , Deputy
*(Fecha)*                                    *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

 CT Corporation

**Service of Process Transmittal**
02/28/2014
CT Log Number 524490065

**TO:**   Pam Williams
WellPoint, Inc.
120 Monument Circle
Indianapolis, IN 46204

**RE:**   **Process Served in California**

**FOR:**   WellPoint, Inc. (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joshua T. Larson, Pltf. vs. WellPoint, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Notice |
| **COURT/AGENCY:** | Ventura County - Superior Court, CA<br>Case # 56201400448332CUWTVTA |
| **NATURE OF ACTION:** | Plaintiff seeks compensatory and punitive damage in the referred matter |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/28/2014 at 13:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jay S Rothman<br>Jay S Rothman and Associates<br>21900 Burbank, Blvd. Suite 210<br>Woodland Hills, CA 91367<br>818-986-7870 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/28/2014, Expected Purge Date: 03/05/2014<br>Image SOP<br>Email Notification, Kristine Gorman Kristine.gorman@wellpoint.com<br>Email Notification, Pam Williams Pam.Williams@anthem.com<br>Email Notification, Terris Means Terris.Means@anthem.com<br>Email Notification, Michelle Kersey michelle.kersey@wellpoint.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / RL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT B**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

VENTURA
SUPERIOR COURT
FILED

FEB 2 0 2014

MICHAEL D. PLANET
Executive Officer and Clerk
BY: C. RIOS, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Wellpoint, Inc. an Indiana corporation,
and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Joshua Larson,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Ventura Superior Court <br> 801 South Victoria Avenue <br> Ventura, CA 93006 | **CASE NUMBER:** *(Número del Caso):* <br> 56-2014-00448333-CU-WT-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jay S. Rothman
21900 Burbank Blvd., Suite 210
Woodland Hills, CA 91367

Jay S. Rothman and Associates
(818) 986-7870

DATE: FEB 2 0 2014    Clerk, by    Michael D. Planet    C. RIOS,    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# CT Corporation

**TO:**   Pam Williams
WellPoint, Inc.
120 Monument Circle
Indianapolis, IN 46204

**RE:**   **Process Served in California**

**FOR:**   WellPoint, Inc. (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joshua T. Larson, Pltf. vs. WellPoint, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Notice |
| **COURT/AGENCY:** | Ventura County - Superior Court, CA<br>Case # 56201400448332CUWTVTA |
| **NATURE OF ACTION:** | Plaintiff seeks compensatory and punitive damage in the referred matter |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/28/2014 at 13:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jay S Rothman<br>Jay S Rothman and Associates<br>21900 Burbank, Blvd. Suite 210<br>Woodland Hills, CA 91367<br>818-986-7870 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/28/2014, Expected Purge Date: 03/05/2014<br>Image SOP<br>Email Notification, Kristine Gorman Kristine.gorman@wellpoint.com<br>Email Notification, Pam Williams Pam.Williams@anthem.com<br>Email Notification, Terris Means Terris.Means@anthem.com<br>Email Notification, Michelle Kersey michelle.kersey@wellpoint.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / RL

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.

**PROOF OF SERVICE**

*STATE OF CALIFORNIA*                                          )
                                                              )ss
*CITY OF LOS ANGELES AND COUNTY OF LOS ANGELES*  )

I am employed in the City of Los Angeles and County of Los Angeles, State of California. I am over the age of 18, and not a part to the within action.  My business address is 10100 Santa Monica Blvd. – Ste. 300, Los Angeles, California 90067.

On **March 26, 2014**, I served the foregoing document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441 (b) (DIVERSITY)** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

JAY S. ROTHMAN, ESQ.
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Blvd. – Suite 210
Woodland Hills, CA 91367
Tel:  818.986.7870
Fax:  818.990.3019

✔ **VIA U.S. MAIL:**  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service with postage thereon fully prepaid, at Los Angeles, California.

**VIA OVERNIGHT MAIL:**  By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

**VIA FACSIMILE:**  The facsimile transmission report indicated that the transmission was complete and without error.

**VIA PERSONAL SERVICE:**  I caused the above entitled document to be served by personal delivery in a sealed envelope to the offices of the addressee(s).

**VIA E-MAIL:**  I caused the above entitled document to be served by electronic delivery to the email of the addressee(s).

**(State)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 26, 2014**, at Los Angeles, California.

*COwens*

removal of action

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____John A. Kronstadt_____ and the assigned Magistrate Judge is _____John E. McDermott_____ .

The case number on all documents filed with the Court should read as follows:

## CV14-2322-JAK(JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____March 26, 2014_____                    By  C. Sawyer_____
Date                                                Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---



UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
JOSHUA T. LARSON

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
WELLPOINT, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
ROSS & SILVERMAN LLP
10100 SANTA MONICA BLVD. - SUITE 300
LOS ANGELES, CA 90067
TEL: 310.551.0909    FAX: 310.551.2049

**II. BASIS OF JURISDICTION** (Place an X in one box only)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    **MONEY DEMANDED IN COMPLAINT: $** PROOF AT TRIAL

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
*Employment For Discrimination CFEHA*

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:    CV14-2322

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes  [ ] No | [ ] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [X] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside | |
| [ ] Yes  [X] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |
| Indicate the location in which a majority of claims arose: | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

**C.1. Is either of the following true? If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] NO   [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] NO   [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   _Melanie C. Ross_   DATE: _MARCH 26, 2014_

MELANIE C. ROSS, ESQ.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**PROOF OF SERVICE**

*STATE OF CALIFORNIA*                                          )
                                                               )ss
*CITY OF LOS ANGELES AND COUNTY OF LOS ANGELES*   )

      I am employed in the City of Los Angeles and County of Los Angeles, State of California. I am over the age of 18, and not a part to the within action.  My business address is 10100 Santa Monica Blvd. – Ste. 300, Los Angeles, California 90067.

      On **March 26, 2014** I served the foregoing document(s) described as **CIVIL COVER SHEET** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

JAY S. ROTHMAN, ESQ.
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Blvd. – Suite 210
Woodland Hills, CA 91367
Tel:  818.986.7870
Fax:  818.990.3019

✔ **VIA U.S. MAIL:**  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service with postage thereon fully prepaid, at Los Angeles, California.

**VIA OVERNIGHT MAIL:**  By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

**VIA FACSIMILE:**  The facsimile transmission report indicated that the transmission was complete and without error.

**VIA PERSONAL SERVICE:**  I caused the above entitled document to be served by personal delivery in a sealed envelope to the offices of the addressee(s).

**VIA E-MAIL:**  I caused the above entitled document to be served by electronic delivery to the email of the addressee(s).

      **(State)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 26, 2014**, at Los Angeles, California.

*COwens*